# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0148, <u>State of New Hampshire v. Robert Leroux</u>, the court on May 24, 2022, issued the following order:**

Having considered the briefs, the record submitted on appeal, and the oral arguments of the parties, we conclude that a formal written opinion is unnecessary in this case. The defendant, Robert Leroux, appeals his conviction, following a bench trial in the Circuit Court (<u>Luneau</u>, J.), on one misdemeanor count of driving while his license was suspended as a result of a prior driving while intoxicated (DWI) conviction. <u>See</u> RSA 263:64 (2014). The defendant argues that the circuit court erred by denying his motion to dismiss based upon the insufficiency of the allegations in the complaint.

The following facts are supported by the record. In October 2018, the police stopped the defendant's vehicle on a public way for a traffic violation. Following the stop, the defendant was arrested and charged with one class A misdemeanor count of driving after his license was suspended, among other charges. <u>See</u> <u>id</u>. The complaint alleged that the defendant "knowingly [drove] a certain motor vehicle . . . after his operator's privilege had been suspended by the director of motor vehicles for [DWI] (second offense) on 05/17/2010." (Capitalization omitted.)

In November 2020, the circuit court held a bench trial. After the State rested, the defendant moved to dismiss the complaint, arguing, for the first time, that the complaint insufficiently alleged a class A misdemeanor pursuant to RSA 263:64. The defendant argued that the complaint was insufficient because it alleged that his license was suspended "by the director of motor vehicles" (capitalization omitted), rather than by a court of competent jurisdiction, as required by RSA 263:64, IV-V. In January 2021, the circuit court issued an order denying the defendant's motion and convicting him on the class A misdemeanor count of driving after his license was suspended, among other charges. The defendant filed a motion for reconsideration, which the circuit court denied. This appeal followed.

Because the facts of this case do not materially differ from the facts of <u>State v. Leroux</u>, 175 N.H. ___ (decided May 24, 2022), we incorporate by reference our analysis from that case. Therefore, for the reasons stated in <u>Leroux</u>, 175 N.H. at ___ (slip. op. at ___), we affirm the defendant's conviction

on one misdemeanor count of driving after his license was suspended.  See RSA 263:64, IV.  Any issues that the defendant raised in his notice of appeal, but did not brief, are deemed waived.  See State v. Bazinet, 170 N.H. 680, 688 (2018).

<u>Affirmed</u>.


MACDONALD, C.J., and HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**